**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

DEREK JAMES BURCH,

      Petitioner,                      Civil No. 2:14-CV-13984
                                         HONORABLE ARTHUR J. TARNOW
v.                                  UNITED STATES DISTRICT JUDGE

DUNCAN MACLAREN,

      Respondent,
_____/

**OPINION AND ORDER DENYING THE PETITION FOR WRIT OF HABEAS**
**CORPUS, DENYING THE MOTION FOR THE APPOINTMENT OF COUNSEL,**
**DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND**
**GRANTING LEAVE TO APPEAL _IN FORMA PAUPERIS_**

      Derek James Burch, ("Petitioner"), presently confined at the Kinross

Correctional Facility in Kincheloe, Michigan, filed a petition for writ of habeas

corpus pursuant to 28 U.S.C. § 2254. [1]  In his application, filed _pro se_, petitioner

challenges his convictions for three counts of first-degree child abuse, M.C.L.A.

750.136b(2); and being a second felony habitual offender, M.C.L.A. 769.10.  For

the reasons that follow, the petition for writ of habeas corpus is DENIED.

---

      [1]  When petitioner originally filed his petition for writ of habeas corpus, he
was incarcerated at the Chippewa Correctional Facility, but has since been
transferred to the Kinross Correctional Facility.  The only proper respondent in a
habeas case is the habeas petitioner's custodian, which in the case of an
incarcerated habeas petitioner would be the warden of the facility where the
petitioner is incarcerated. _See Edwards Johns,_ 450 F. Supp. 2d 755, 757 (E.D.
Mich. 2006); _See also_ Rule 2(a), 28 foll. U.S.C. § 2254.  Therefore, the Court
substitutes Warden Duncan MacLaren in the caption.

*Burch v. MacLaren,* 2:14-CV-13984

## I. Background

Petitioner was originally charged with three counts of torture and being a fourth felony habitual offender.  The charges arose from petitioner imposing years of mental and physical abuse upon his biological daughter, biological son, and a girlfriend's son.

At petitioner's arraignment on the warrant, the magistrate judge set bond in the amount of $ 500,000.00.  Petitioner was also advised that he was to have no contact with any of the victims.  Petitioner indicated that he understood the magistrate's order. (Tr. 5/3/10, p. 8).

On November 2, 2010, petitioner pleaded guilty to three charges of first-degree child abuse and being a second felony habitual offender, in exchange for dismissal of the three torture charges and the fourth habitual offender charge. The parties also agreed that petitioner would receive a sentence of twelve to twenty two and one half years in prison. (Tr. 11/2/10, pp. 3, 7).  Prior to pleading guilty, petitioner reviewed an advice of rights form provided by the Montcalm County Circuit Court.  The rights form warned petitioner that if he violated "the plea agreement or a court order, including a condition on bond," petitioner gave up the right to withdraw his plea "if the judge does not follow the *Killebrew* or *Cobbs* agreement." (Advice of Rights, 8th Judicial Circuit, Montcalm County, 11/2/10, attached to Defendant's Delayed Application for Leave to Appeal [Dkt. #

2

*Burch v. MacLaren,* 2:14-CV-13984

8-8]).  The form also advised petitioner that he would "be asked to state, orally on the record," that he had read these rights and that he understood and agreed to waive them. (*Id.*).  Petitioner's counsel indicated at the plea hearing that petitioner signed the rights form. (Tr. 11/2/10, pp. 3-4).  The judge advised petitioner that by pleading guilty he gave up certain rights, including the rights on the sheet that petitioner had signed and given to the court.  The judge specifically asked petitioner if he read and understood the rights on the rights form.  Petitioner replied that he had. (*Id.*, p. 5).

At his sentencing hearing, petitioner's counsel moved to withdraw the plea on the ground that petitioner had been taking medications that may have hampered his ability to understand the plea and based on petitioner's claim that his counsel had given him incorrect advice about Michigan's Truth in Sentencing Law and its applicability to his case. (Tr. 3/17/11, pp. 3-7).  As part of her response to the motion, the assistant prosecutor indicated that petitioner had contacted his daughter and possibly his son in an attempt to get them not to testify against petitioner and to "do the right thing."  The prosecutor argued that petitioner's actions in contacting the victims amounted to witness tampering or intimidation as well as a violation of his bond condition not to have contact with the victims. (*Id.,* pp. 10-12).  In response to questioning from the trial court, petitioner admitted that he had contacted his son and daughter, both directly and

3

*Burch v. MacLaren,* 2:14-CV-13984

indirectly, between the time of his guilty plea and the sentencing. (*Id.,* p. 18).  In response from questioning by the prosecutor, petitioner initially denied attempting to dissuade the victims from testifying against him, but acknowledged that he asked his mother to speak to a lawyer who could advise his children about exercising their Fifth Amendment rights not to testify.  Petitioner admitted that he did not want his two children to come to court and testify against him.  Petitioner further admitted that he did tell some of his relatives that he wanted to take his plea back and have his children agree not testify against him. (*Id.,* pp. 22-24).

The judge denied petitioner's motion to withdraw his guilty plea. (*Id.,* pp. 24-28).

The assistant prosecutor argued that petitioner's post-plea contact with the victims violated his bond condition and justified the judge to exceed the sentence agreement. (*Id.,* pp. 32-33).  Defense counsel argued that petitioner had never been released on bond and although petitioner was advised to have no contact with the victims, petitioner "was never placed on any type of release that I'm provided with acknowledged (sic) that he couldn't have contact." (*Id.,* p. 34).

The judge noted that the advice of rights form signed by petitioner at the time of the guilty plea warned that if petitioner violated the plea agreement, or a court order, including a condition of bond, he would give up his right to withraw the guilty plea if the trial court did not follow the sentencing agreement.  The

4

*Burch v. MacLaren,* 2:14-CV-13984

judge observed that when the bond was set, "a condition of bond and by that also

a court order" precluded petitioner from having contact with the victims and their

families. The judge concluded that because petitioner contacted the victims, he

violated the terms of the sentence agreement and the judge was no longer

obliged to follow the agreement. The judge emphasized that even if petitioner

was never released on bond, the court order directed petitioner to have no

contact with the victims. (*Id.,* pp. 34-38). The judge further found that petitioner

tried to influence and "continue [his] mental control of . . ." his children even after

his guilty plea. (*Id.,* p. 39). The judge exceeded the sentencing agreement and

sentenced petitioner to fifteen to twenty two and one half years in prison. (*Id.*).

Petitioner's conviction was affirmed on appeal. *People v. Burch*, No.

309246 (Mich.Ct.App. May 10, 2012); *lv. den.* 492 Mich. 870, 819 N.W.2d 874

(2012). Petitioner filed a post-conviction motion for relief from judgment, which

was denied. *People v. Burch*, No. 10-13980 (Montcalm County Circuit Court, July

17, 2013). The Michigan appellate courts denied petitioner leave to appeal.

*People v. Burch*, No. 318741 (Mich.Ct.App. January 10, 2014); *lv. den.* 497 Mich.

853, 852 N.W.2d 169 (2014).

Petitioner seeks a writ of habeas corpus on the following grounds:

I. The petitioner was deprived of his constitutional right to Due Process
of law where the trial court judge refused to sentence him based upon
the plea bargain and would not allow him to withdraw from the plea.

5

*Burch v. MacLaren,* 2:14-CV-13984

II. The petitioner was deprived of his right to the effective assistance of counsel because defense counsel failed to advise petitioner of the language contained in the "Rights Form."  Any violation of the terms contained in the Rights Form resulted in the vacation of the plea agreement.

III. The petitioner was deprived of his right to the effective assistance of appellate counsel because appellate counsel failed to raise issues on direct appeal regarding trial counsel's ineffectiveness and the plea withdrawal proceedings, which were in violation of petitioner's Constitutional Rights.

## I.  Standard of Review

28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), imposes the following standard of review for habeas cases:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

>
> (1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000).  An "unreasonable application" occurs

6

*Burch v. MacLaren,* 2:14-CV-13984

when "a state court decision unreasonably applies the law of [the Supreme

Court] to the facts of a prisoner's case." *Id.* at 409.  A federal habeas court may

not "issue the writ simply because that court concludes in its independent

judgment that the relevant state-court decision applied clearly established

federal law erroneously or incorrectly." *Id.* at 410-11.

The Supreme Court has explained that "[A] federal court's collateral

review of a state-court decision must be consistent with the respect due state

courts in our federal system." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

The "AEDPA thus imposes a 'highly deferential standard for evaluating

state-court rulings,'and 'demands that state-court decisions be given the benefit

of the doubt.'" *Renico v. Lett*, 559 U.S. 766, 773 (2010)(quoting *Lindh v. Murphy*,

521 U.S. 320, 333, n. 7 (1997); *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002)(per

curiam)).  "[A] state court's determination that a claim lacks merit precludes

federal habeas relief so long as 'fairminded jurists could disagree' on the

correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101

(2011)(citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

With respect to petitioner's first claim, the Michigan Court of Appeals

denied the petitioner's application for leave to appeal in a form order "for lack of

merit in the grounds presented."  The Michigan Supreme Court subsequently

denied the petitioner leave to appeal in a standard form order without any

*Burch v. MacLaren,* 2:14-CV-13984

extended discussion.  Determining whether a state court's decision resulted from

an unreasonable legal or factual conclusion, as would warrant federal habeas

relief, does not require that there be an opinion from the state court that explains

the state court's reasoning. *Harrington*, 562 U.S. at 98.  "Where a state court's

decision is unaccompanied by an explanation, the habeas petitioner's burden

still must be met by showing there was no reasonable basis for the state court to

deny relief." *Id.*  In fact, when a habeas petitioner has presented a federal claim

to a state court and that state court has denied relief, "it may be presumed that

the state court adjudicated the claim on the merits in the absence of any

indication or state-law procedural principles to the contrary." *Id.* at 99.  That

presumption may be overcome only when there is a reason to think that some

other explanation for the state court's decision is more likely. *Id.* at 99-100.

In the present case, the AEDPA deferential standard of review applies to

petitioner's case where the Michigan Court of Appeals rejected petitioner's

appeal "for lack of merit in the grounds presented" and the Michigan Supreme

Court subsequently denied leave to appeal in a standard form order, because

these orders amounted to a decision on the merits. *See Werth v. Bell*, 692 F. 3d

486, 492-94 (6th Cir. 2012).

*Burch v. MacLaren,* 2:14-CV-13984

## III.  Discussion

### A.  Claim # 1.  The plea withdrawal claim.

Petitioner first argues that he should have been permitted to withdraw his guilty plea when the judge refused to follow the sentencing agreement of twelve to twenty two and a half years and instead imposed a minimum sentence of fifteen years in prison.

Initially, the Court observes that petitioner has no federal constitutional right to withdraw his guilty plea. *See Hynes v. Birkett,* 526 Fed. Appx. 515, 521 (6th Cir. 2013).  Unless a petitioner's guilty plea otherwise violated a clearly-established constitutional right, whether to allow the withdrawal of a habeas petitioner's guilty plea is discretionary with the state trial court. *See Shanks v. Wolfenbarger,* 387 F. Supp. 2d 740, 748(E.D. Mich. 2005).

A plea of guilty must be knowingly and voluntarily made.  The defendant must be aware of the "relevant circumstances and likely consequences" of his plea. *Hart v. Marion Correctional Institution*, 927 F. 2d 256, 257 (6th Cir. 1991). The defendant must also be aware of the maximum sentence that can be imposed for the crime for which he is pleading guilty. *King v. Dutton*, 17 F. 3d 151, 154 (6th Cir. 1994).  When a petitioner brings a federal habeas petition challenging his plea of guilty, the state generally satisfies its burden by producing a transcript of the state court proceedings showing that the plea was

9

*Burch v. MacLaren,* 2:14-CV-13984

made voluntarily. *Garcia v. Johnson*, 991 F. 2d 324, 326 (6th Cir. 1993).  The

factual findings of a state court that the guilty plea was properly made are

generally accorded a presumption of correctness.  Petitioner must overcome a

heavy burden if the federal court is to overturn these findings by the state court.

*Id.*  Additionally, a habeas petitioner bears a heavy burden of rebutting the

presumption that his guilty plea, as evidenced by the plea colloquy, is valid.  *See*

*Hastings v. Yukins,* 194 F. Supp. 2d 659, 669 (E.D. Mich. 2002).

It is only when the consensual character of a guilty plea is called into

question that the validity of a guilty plea may be impaired. *Mabry v. Johnson*,

467 U.S. 504, 508-509 (1984).  A plea of guilty entered by one fully aware of the

direct consequences, including the actual value of any commitments made to

him by the court, prosecutor, or his or her own counsel, must stand unless

induced by threats (or promises to discontinue improper harassment),

misrepresentation (including unfulfilled or unfulillable promises), or perhaps by

promises that are by their nature improper as having no proper relationship to

the prosecutor's business (i.e. bribes). *Id.* at 509 (quoting *Brady v. United States*,

397 U.S. 742, 755 (1970)).  A federal court will uphold a state court guilty plea if

the circumstances demonstrate that the defendant understood the nature and

consequences of the charges and voluntarily chose to plead guilty. *See*

*Hastings,* 194 F. Supp. 2d at 669.

10

*Burch v. MacLaren,* 2:14-CV-13984

Petitioner claims that he is entitled to withdraw his guilty plea because the judge refused to follow the sentencing recommendation of twelve to twenty two and one half years, instead sentencing petitioner to fifteen years on the minimum sentence.

The judge exceeded the sentencing recommendation because petitioner contacted the victims subsequent to the plea, in violation of the no contact order imposed upon him by the magistrate judge at the arraignment on the warrant. Petitioner was made aware from the advice of rights form at the time of his guilty plea that if he violated a condition of bond or a court order after pleading guilty, he lost the right to withdraw his plea if the judge failed to follow the sentencing agreement.

The general rule under Michigan law is that when a trial judge refuses to follow a sentence recommendation that is part of a plea agreement, the judge must give the defendant an opportunity to withdraw his plea before imposing the sentence. *Wright v. Lafler*, 247 F. Appx 701, 703, n.1 (6th Cir. 2007); *People v. Cobbs*, 443 Mich. 276, 283; 505 N.W.2d 208 (1993); People v. Killebrew, 416 Mich. 189, 209-10; 330 N.W.2d 834 (1982), M.C.R. 6.310(B)(2)(b).  However, a defendant's right to withdraw a plea is not absolute. *People v. Kean*, 204 Mich. App. 533, 536; 516 N.W.2d 128 (1994).  If a defendant violates the terms of his plea agreement after pleading guilty, he waives his right to withdraw his guilty

11

*Burch v. MacLaren,* 2:14-CV-13984

plea if the judge fails to follow the sentencing recommendation contained within the plea agreement. *Id.* at 535-36.

When petitioner contacted his children in contravention of the no-contact order, he essentially violated the terms of the plea and sentencing agreement and forfeited the right to withdraw his guilty plea. *See e.g. Bridinger v. Scutt*, No. 2:11-CV-14747, 2013 WL 249560, at *5 (E.D. Mich. Jan. 23, 2013).  Petitioner argues that he did not violate the terms of the plea or sentence agreement, because the no-contact order applied only if petitioner was released on bond.  A review of the arraignment transcript shows that the magistrate judge ordered petitioner to have no contact with the victims, irrespective of whether he was released on bond.  The language on the advice of rights form informed petitioner that if he violated the plea agreement *or a court order*, including a condition on bond, he waived his right to withdraw his plea if the judge failed to honor the sentencing agreement. (Emphasis added).  The sentencing judge himself noted that regardless of whether or not petitioner was released on bond, the court order directed petitioner to have no contact with the victims.  By contacting the victims, petitioner breached the terms of the plea and sentencing agreement.

A criminal defendant who breaches a the terms of the plea agreement forfeits any right to its enforcement. *See United States v. Wells*, 211 F.3d 988, 995 (6th Cir. 2000).  Because petitioner breached the terms of the plea and

12

*Burch v. MacLaren,* 2:14-CV-13984

sentencing agreement by violating the no-contact order, he is not entitled to enforcement of the sentencing bargain nor is he entitled to withdraw his plea of guilty.  Petitioner is not entitled to habeas relief on his first claim.

### B.  Claims # 2 and # 3.  The ineffective assistance of counsel claims.

In his second claim, petitioner claims that he was denied the effective assistance of trial counsel.  In his third claim, petitioner argues that appellate counsel was ineffective for failing to raise his ineffective assistance of trial counsel claim on his direct appeal.

To show that he was denied the effective assistance of counsel under federal constitutional standards, a defendant must satisfy a two prong test.  First, the defendant must demonstrate that, considering all of the circumstances, counsel's performance was so deficient that the attorney was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  In so doing, the defendant must overcome a strong presumption that counsel's behavior lies within the wide range of reasonable professional assistance. *Id*. In other words, petitioner must overcome the presumption that, under the circumstances, the challenged action might be sound trial strategy. *Strickland,* 466 U.S. at 689.  Second, the defendant must show that such performance prejudiced his defense. *Id*.  To demonstrate prejudice, the defendant must show that "there is a reasonable probability that,

13

*Burch v. MacLaren,* 2:14-CV-13984

but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694. "*Strickland*'s test for prejudice is a demanding one. 'The likelihood of a different result must be substantial, not just conceivable.'" *Storey v. Vasbinder*, 657 F.3d 372, 379 (6th Cir. 2011)(quoting *Harrington*, 562 U.S. at 112). The Supreme Court's holding in *Strickland* places the burden on the defendant who raises a claim of ineffective assistance of counsel, and not the state, to show a reasonable probability that the result of the proceeding would have been different, but for counsel's allegedly deficient performance. *See Wong v. Belmontes*, 558 U.S. 15, 27 (2009).

In his second claim, petitioner argues that trial counsel was ineffective for failing to explain to petitioner the language contained in the advice of rights form before petitioner pleaded guilty, particularly the part of the advice of rights form which stated that petitioner would be unable to withdraw his plea if he violated the plea agreement or a court order and the judge exceeded any sentencing agreement.

The Sixth Amendment right to counsel extends to the plea bargaining process. *Lafler v. Cooper,* 132 S. Ct. 1376, 1384 (2012); *Missouri v. Frye,* 132 S. Ct. 1399, 1406 (2012). Thus, a criminal defendant during plea negotiations is "entitled to the effective assistance of competent counsel." *Lafler,* 132 S. Ct. at 1384 (quoting *McMann v. Richardson*, 397 U.S. 759, 771 (1970)).

14

*Burch v. MacLaren,* 2:14-CV-13984

In the present case, petitioner was clearly advised at the arraignment on the warrant to have no contact with the victims.  The advice of rights form, which petitioner admitted to having reviewed and understood, informed petitioner of the rights he would waive by pleading guilty.  The advice of rights form clearly informed petitioner that if he violated the plea agreement or a court order, including a condition on bond, he gave up the right to withdraw his plea if the judge did not follow the *Killebrew* or *Cobbs* agreement.  Any alleged failure by trial counsel to explain the plain terms of the advice of rights form does not support an ineffective assistance of counsel claim, where petitioner reviewed and indicated that he understood the advice of rights form. *See e.g. Hoffman v. Young*, 23 Fed. Appx. 885, 888 (10th Cir. 2001).

Moreover, assuming that counsel was deficient in failing to advise petitioner about the provisions of the advice of rights form, petitioner is unable to show that he was prejudiced by any deficiency.  In order to satisfy the prejudice requirement for an ineffective assistance of counsel claim in the context of a guilty plea, the defendant must show that there is a reasonable probability that, but for counsel's errors, he or she would not have pleaded guilty but would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985).  An assessment of whether a defendant would have gone to trial but for counsel's errors "will depend largely on whether the affirmative defense likely would have

15

*Burch v. MacLaren,* 2:14-CV-13984

succeeded at trial." *Id.* at 59.  The Sixth Circuit has interpreted *Hill* to require a

federal habeas court to always analyze the substance of the habeas petitioner's

underlying claim or defense to determine whether but for counsel's error,

petitioner would likely have gone to trial instead of pleading guilty or no contest.

*See Maples v. Stegall,* 340 F. 3d 433, 440 (6th Cir. 2003).  In other words,

petitioner must show a reasonable probability that but for counsel's errors, he

would not have pleaded guilty, because there would have been a reasonable

chance that he would have been acquitted had he insisted on going to trial.

*Doyle v. Scutt,* 347 F. Supp. 2d 474, 484 (E.D. Mich. 2004).  A habeas

petitioner's conclusory allegation that, but for an alleged attorney act or omission

he or she would not have pleaded guilty, is insufficient to prove such a claim.

*Shanks v. Wolfenbarger,* 387 F. Supp. 2d at 750.

Petitioner failed to show a reasonable probability that he could have

prevailed had he insisted on going to trial, or that he would have received a

lesser sentence than he did by pleading guilty. *See Thirkield v. Pitcher,* 199 F.

Supp. 2d 637, 655 (E.D. Mich. 2002).  Petitioner fails to allege any viable

defense to the original torture charges or to the child abuse charges.  Because

petitioner failed to establish what defense he had to these charges, he has failed

to show that counsel was ineffective for advising him to plead guilty.

16

*Burch v. MacLaren,* 2:14-CV-13984

In his third claim, petitioner contends that appellate counsel was ineffective for failing to raise his ineffective assistance of trial counsel claim on his direct appeal.

The Sixth Amendment guarantees a defendant the right to the effective assistance of appellate counsel both on appeals of right, *See Evitts v. Lucey*, 469 U.S. 387, 396-397 (1985), and on first-tier discretionary appeals. *Halbert v. Michigan*, 545 U.S. 605, 609–10 (2005). However, court appointed counsel does not have a constitutional duty to raise every nonfrivolous issue requested by a defendant. *Jones v. Barnes*, 463 U.S. 745, 751 (1983). Because petitioner has failed to show that his trial counsel was ineffective, petitioner is unable to establish that appellate counsel was ineffective for failing to raise these ineffective assistance of trial counsel claims on his direct appeal. *See e.g. Fautenberry v. Mitchell,* 515 F. 3d 614, 642 (6th Cir. 2008). Petitioner is not entitled to relief on his second claim.

## C.  The motion for the appointment of counsel.

Petitioner has filed a motion for the appointment of counsel.

The Court denies petitioner's motion for the appointment of counsel. There is no constitutional right to counsel in habeas proceedings. *Cobas v. Burgess,* 306 F. 3d 441, 444 (6th Cir. 2002). Because petitioner's claims lack

17

*Burch v. MacLaren,* 2:14-CV-13984

any merit, the Court will deny petitioner's request for the appointment of counsel. *See Lemeshko v. Wrona*, 325 F. Supp. 2d 778, 788 (E.D. Mich. 2004).

### D.  A certificate of appealability.

A habeas petitioner must receive a certificate of appealability ("COA") in order to appeal the denial of a habeas petition for relief from either a state or federal conviction.  28 U.S.C. §§ 2253(c)(1)(A), (B).  A court may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  When a federal district court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).  "A petitioner satisfies this standard by demonstrating that ... jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. at 327.  In applying this standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. *Id.* at 336-37.

The Court will deny a certificate of appealability, because jurists of reason would not find the Court's resolution of the claims to be debatable.

18

343d6617151ef678

*Burch v. MacLaren,* 2:14-CV-13984

Although this Court will deny a certificate of appealability to petitioner, the standard for granting an application for leave to proceed *in forma pauperis* (IFP) is a lower standard than the standard for certificates of appealability. *See Foster v. Ludwick,* 208 F. Supp. 2d 750, 764 (E.D. Mich. 2002)(citing *United States v. Youngblood*, 116 F. 3d 1113, 1115 (5th Cir. 1997)). Whereas a certificate of appealability may only be granted if petitioner makes a substantial showing of the denial of a constitutional right , a court may grant IFP status if it finds that an appeal is being taken in good faith. *Id.* at 764-65; 28 U.S.C. § 1915(a)(3); Fed. R.App.24 (a). "Good faith" requires a showing that the issues raised are not frivolous; it does not require a showing of probable success on the merits. *Foster,* 208 F. Supp. 2d at 765. Although jurists of reason would not debate this Court's resolution of petitioner's claims, the issues are not frivolous; therefore, an appeal could be taken in good faith and petitioner may proceed *in forma pauperis* on appeal. *Id.*

**IV. CONCLUSION**

For the reasons stated above, this Court concludes that Petitioner Burch is not entitled to federal-habeas relief on the claims presented in his petition.

Accordingly, **IT IS ORDERED** that the petition for writ of habeas corpus is **DENIED WITH PREJUDICE**. (Dkt. # 1).

19

*Burch v. MacLaren,* 2:14-CV-13984

**IT IS FURTHER ORDERED** that the motion for the appointment of

counsel (Dkt. # 10) is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**IT IS FURTHER ORDERED** that petitioner will be granted leave to appeal

*in forma pauperis.*


S/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge

Dated: July 29, 2015

I hereby certify that a copy of the foregoing document was served upon
parties/counsel of record on July 29, 2015, by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Assistant

20